UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOOD KARMA, LLC, et al., | ) |
| Petitioners, | ) Nos. 07 C 2697 |
| | ) 07 C 3930 |
| v. | ) 07 C 4740 |
| | ) 07 C 5505 |
| UNITED STATES OF AMERICA, | ) |
| | ) Judge John W. Darrah |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

A Petition to Quash Formal Document Requests and multiple Petitions to Quash Summonses ("Petitions") were filed in this and other District Courts across the nation. Several Petitions filed in the Northern District of Illinois were consolidated in this Court: Case Nos. 07 C 2967, *Good Karma, LLC, et al. v. United States*; 07 C 3930, *Good Karma, LLC, et al. v. United States*; 07 C 4740, *Portfolio Properties, Inc., et al. v. United States*; and 07 C 5505, *Ridge Trading, LLC, et al. v. United States*. On March 24, 2008, the Court granted the United States' Motions to Deny Petitions to Quash and For Enforcement of the IRS Summonses in Case Nos. 07 C 3930, 07 C 4740, and 07 C 5505. Presently pending before the Court is the Petitioners' Motion to Vacate the Court's March 24, 2008 judgment.[1]

Federal Rule of Civil Procedure Rule 59(e) allows for a judgment to be altered or amended. *See Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (*Russell*). A Rule 59(e) motion is properly granted if there has been newly discovered evidence or

---

[1] The background is fully set forth in the Court's March 24, 2008 Memorandum Opinion and Order.

to correct a manifest error in fact or law. *Russell*, 51 F.3d at 749. A Rule 59(e) motion does not provide that a party may rehash the same argument it raised before or to present new arguments for the first time. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (*Moro*) (Rule 59(e) motion "does not allow a party to introduce new evidence . . . that could have and should have been presented to the district court prior to judgment."); *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (*Bordelon*) (affirming district court's denial of Rule 59(e) motion that attempted to introduce affidavit more than two months after plaintiff's response and before court issued its judgment); *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (*CBI*) (motion to reconsider cannot be used to introduce new evidence or legal theory that could have been introduced during the pendency of the motion).

Petitioners first argue that the testimony of Internal Revenue Service Agent Larry Weinger in a February 21, 2008 evidentiary hearing, in another court regarding the issuance of other IRS summonses, constitutes new evidence that the instant summonses were issued for the illegitimate purpose of obtaining discovery before litigation and/or that the document requests were overly broad and requested irrelevant documents. Ironwood Trading, LLC, a petitioner in one of the present cases, was a party in the February 21, 2008 evidentiary hearing.

At a minimum, Ironwood Trading was aware of Agent Weinger's testimony on February 21, 2008, over a month before the Court's ruling in these cases. However, neither Ironwood nor any other Petitioner brought the "newly" discovered evidence to the Court's attention in a timely manner. Petitioners argue that they could not bring the matter to the Court's attention because it took three weeks to receive the transcript, and they were not aware that the Court was planning on ruling on the pending motions. This argument lacks merit because Ironwood was a party

2

in the other litigation so it was aware of the "new" evidence at the time that it was introduced. Furthermore, the Petitioners are represented by the same counsel. Thus, the testimony could have been brought to the Court's attention while the motions were pending. *See Moro*, 91 F.3d at 876; *Bordelon*, 233 F.3d at 529; *CBI*, 90 F.3d at 1269.

Furthermore, even if Agent Weinger's testimony did constitute newly discovered evidence, the inferences drawn by Petitioners from the testimony are not persuasive on an issue resolved against Petitioners in the Court's previous Memorandum Opinion and Order. Petitioners argue that Agent Weinger's testimony that he was in contact with tax-court counsel Lawrence Letkewicz supports their proposition that the summonses were improperly issued as a pre-litigation discovery tool because Letkewicz was the only attorney mentioned in the testimony and Letkewicz is the IRS counsel in charge of litigation pending in Tax Court. However, Agent Weinger was only questioned as to his communications with Letkewicz, not other attorneys. In addition, Agent Weinger testified that the purpose of his communication with Letkewicz was the review of closed cases.

Petitioners also argue that Agent Weinger's testimony regarding the "one" tax opinion that Agent Weinger sought in the summonses supports their argument that the request here for "all" documents is over-broad because Agent Weinger's testimony establishes that he was actually only seeking "one" document. Petitioners take Agent Weinger's testimony out of context, and his testimony does not support this inference.

Petitioners next argue that the Court's order should be vacated because Petitioners discovered an appellate brief filed by the IRS in a different matter pending in the Fifth Circuit, *Klamath Strategic Investment Fund v. United States*, in which the IRS took a position inconsistent with its present position here.

That brief was filed in the Fifth Circuit in February 2008, and the cases cited in support of Petitioners' argument pre-date 1997. Thus, the brief does not constitute newly discovered facts; and the arguments relying on cases that pre-date 1997 could have been made regardless of the timing of the brief.

Furthermore, assuming that the Petitioners accurately present the IRS's position in an unrelated case, the IRS's position in that case does not estop it from claiming that the information sought by the instant summonses is relevant to its investigation in these cases. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (IRS may inquire as to any item that may be of "potential relevance" to its investigation); *2121 Arlington Heights Corp. v. Internal Revenue Serv.*, 109 F.3d 1221, 1224 (7th Cir. 1997) (relevancy in summons-enforcement cases is "relaxed," and information need only "have the potential to shed some light on any aspect").

Petitioners also re-argue that the materials sought are already in the IRS's possession. This argument essentially repeats the same argument previously rejected by the Court and does not constitute grounds to vacate the Court's order.

Petitioners next argue that the Court misapplied "the law relating to discovery" set forth in *United States v. Kis*, 658 F.2d 526, 539-40 (7th Cir. 1981) (*Kis*). The *Kis* court cited with approval, the Third Circuit's finding in *United States v. Genser*, 595 F.2d 146, 152 (3rd Cir. 1979) (*Genser*), that a limited amount of preliminary discovery may be required in order to assist the taxpayer in

4

meeting his burden of alleging specific facts that permit at least an inference of wrongful conduct by the Government that would show that the taxpayer is entitled to an evidentiary hearing. *Kis*, 658 F.2d at 539-40. This discovery includes: (1) the identities of the investigating agents; (2) the date the investigation began; (3) the dates of the filed reports that recommend prosecution; (4) the date the district chief of the Criminal Investigation Division or Intelligence Division reviewed the recommendation; (5) the date the Office of Regional Counsel referred the matter for prosecution; (6) the dates of all summonses issued under 26 U.S.C. § 7602; and (7) the nature of any contacts, relating to and during the investigation, between the investigating agents and the officials of the Department of Justice. *Kis*, 658 F.2d at 539 (quoting *Genser*, 595 F.2d at 152).

In its Memorandum Opinion and Order, the Court included citation to *Kris* in support of the need of a taxpayer to allege specific facts to demonstrate an inference of wrongful conduct by the IRS. Petitioners also cited to *Kis* and included a quotation of the seven types of discoverable information cited above. While Petitioners cited to this statement of law, Petitioners did not argue that the IRS failed to disclose any of this information and/or that the Petitioners could not allege specific facts to demonstrate wrongful conduct by the IRS because the IRS failed to comply with *Kis*. To the contrary, the Petitioners alleged numerous instances of specific conduct by the IRS in an attempt to demonstrate wrongful conduct by the IRS. These allegations were made in light of the discovery that had taken place and the information that was within the Petitioners' knowledge. Because the Petitioners did not argue that discovery was required pursuant to *Kis*, the Court did not address whether additional discovery was required pursuant to *Kis* and did not misapply *Kis* to the facts and arguments presented to the Court.

Lastly, Petitioners argue that the Court incorrectly found that the Petitioners' failure to obtain a document that the IRS refuses to produce means that the document does not exist. Contrary to Petitioners' argument, the Court did not make the alleged incorrect finding.

Previously, Petitioners argued that the IRS's "shifting positions" on a tax policy document demonstrates bad faith by the government. In support of their argument, Petitioners alleged that an internal memorandum, signed by twenty-one top IRS executives, allegedly instituted a program or policy designed to capture Petitioners' lawful bad business-debt deductions as "tax shelter transactions" or "abusive transactions." Petitioners contended that the memorandum was initially sought through the Freedom of Information Act and that the IRS claimed that it was unaware of the document. Later, the IRS withheld certain documents from Petitioners' FOI request as being part of the deliberate process. Petitioners argued that these withheld documents include the top executives' memorandum and that the "shift" in position by the IRS implied impropriety in the IRS policy. The Court rejected Petitioners' argument and inferences, finding that the Petitioners failed to demonstrate a reasonable inference that the withheld document was in fact the sought-after memorandum that shows bad faith on the part of the IRS. The Court did not find that the Petitioners' failure to obtain the document that the IRS refused to produce means that the document does not exist.

Based on the above, Petitioners have not identified any newly discovered evidence or manifest errors of law. Accordingly, Petitioners' Motion to Vacate is denied.

Dated: May 22, 2008

JOHN W. DARRAH
United States District Court Judge

6