UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOOD KARMA, LLC, *et al.*, ) | |
| ) | |
| Petitioners, ) | Nos. 07 C 2697 |
| ) | 07 C 3930 |
| v. ) | 07 C 4740 |
| ) | 07 C 5505 |
| UNITED STATES OF AMERICA, ) | |
| Department of Treasury – Internal ) | |
| Revenue Service, ) | |
| ) | Judge John W. Darrah |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioners' Motion for Summary Judgment in Case No. 07 CV 2967 (Doc. No. 54). The case concerns a Petition to Quash Formal Document Requests ("FDRs") issued to Petitioners by the Internal Revenue Service ("IRS").[1] For the reasons stated below, the Motion for Summary Judgment is denied.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the court

---

[1] A Petition to Quash Formal Document Requests and multiple Petitions to Quash Summonses have been filed in this Court and other district courts. The following Petitions, filed in the Northern District of Illinois, have been consolidated in this Court: Case No. 07 CV 2967, *Good Karma, LLC, et al. v. United States*; 07 CV 3930, *Good Karma, LLC, et al. v. United States*; 07 CV 4740, *Portfolio Properties, Inc., et al. v. United States*; and 07 CV 5505, *Ridge Trading, LLC, et al. v. United States*.

1

must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006). The moving party has the initial burden to show that the evidence is insufficient to establish a material element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, the non-moving party cannot rest on conclusory pleadings but must "set forth specific facts in affidavits or otherwise to show that there is a genuine issue of material fact that must be decided at trial." *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 361 (7th Cir. 1987). If the evidence supporting the non-moving party's claim is insufficient for a reasonable jury to return a verdict in its favor, the court will grant summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## BACKGROUND

The Court derives the following background facts from the parties' statements filed pursuant to Local Rule 56.1.[2] Based on the parties' statements, the following facts are not in dispute.

Petitioners are in the business of consumer receivable management and collection,

---

[2] Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the non-moving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to respond to a Rule 56.1 statement results in the Court's admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

2

partnering with creditors for the servicing and collection of semi-performing and performing consumer receivables in a trillion-dollar global industry that is driven by increasing levels of consumer debt, increasing defaults of the underlying receivables, and increasing utilization of third-party providers to collect such receivables. (Petitioners' Statement of Uncontested Facts ("PSOF"), ¶ 1.)

The IRS believes Petitioners engaged in "tax shelters" and "abusive transactions" for purposes of the income tax regulations and launched a tax audit of Petitioners for the 2003 and 2004 tax years. (PSOF, ¶¶ 14, 15.)[3] In connection with this audit, the IRS issued to Petitioners FDRs pursuant to 26 U.S.C. § 982. (PSOF, ¶ 16.) Prior to the issuance of the FDRs, Petitioners produced documents to the IRS in response to Information Document Requests ("IRDs") and other information requests from the IRS. (PSOF, ¶ 42; Def. Resp., ¶¶ 43-44.) Unsatisfied with the production, the IRS propounded the FDRs. (SOAF, ¶ 54.)

Each FDR makes fourteen identical requests. (PSOF, ¶ 17.) With respect to each request, Petitioners are required "to provide a certified translation into English for requested documents that are in any language other than English." (PSOF, ¶ 18.) In addition, the FDRs require Petitioners to, "[u]nless otherwise specified, provide the

---

[3] Specifically, the IRS is investigating Petitioners for engaging in transactions that generated losses (approximately $39 million in 2003 and $119 million in 2004) claimed from writing down the value of "distressed debt," which consisted of consumer accounts receivable obtained from one or more Brazilian retail stores. (United States Statement of Additional Facts ("SOAF"), ¶ 49.) These transactions are referred to as Distressed Asset and Debt, or "DAD," tax shelters and were the subject of the IRS's Coordinated Issue Paper dated April 18. 2007. (SOAF, ¶ 50.)

3

original, signed and dated documents." (PSOF, ¶ 19.) The FDRs seek:

1. Engagement letters, service agreements, billing records, invoices, and records of payment, with all foreign businesses and foreign entities.

2. All documents related to Multicred.

3. All documents related to Lojas Arapua, if applicable.

4. All documents related to Pinheiro Guimaraes-Advogados, if applicable.

5. All documents related to Companhia Brasieria de Desbribuicao, if applicable.

6. All documents related to CBD, if applicable.

7. All documents related to Globex Utilidades, SA., if applicable.

8. All documents related to Embratel, if applicable.

9. All of the consumer receivables and notes acquired by [petitioner] for the period [under investigation].

10. Receivable and Management agreement between [petitioner] and Multicred.

11. All Valuation reports for the consumer receivable portfolio of [petitioner] for the period [under investigation].

12. All Valuation reports for the consumer receivable portfolio of [petitioner] for the period [under investigation].

13. Copies of all notices sent to obligors of the consumer receivables notifying the obligors of the change in ownership of the consumer receivables and/or instructing the obligors to make payment of all amounts due or to become due to the new owner or its designee.

14. For each consumer receivable and note written off as a bad debt for 2004, provide the following information:
    a. All journal entries, ledgers, and workpapers.
    b. All documents reflecting collection attempts.
    c. All documents used as a basis to determine uncollectability and writeoff.

(PSOF, ¶ 20.)

4

Almost three months after the FDRs were issued and six days before filing the Petition to Quash the FDRs, Petitioners produced to the IRS additional documents responsive to the FDRs.

Final Partnership Administrative Adjustments ("FPAAs") have issued to Petitioners Bishop Trading, Brandies Fund, Derringer Trading, Galba Trading, Good Karma, Hickory Trading, Howa Trading, Kline Trading, Lann Trading, Lyman Trading, Lyons Trading, Nero Trading, Pawn Trading, Rook Trading, Sterling Trading, Superior Trading, Tiberius Trading and Tiffany Trading. (PSOF, ¶ 31.) Among other things, the FPAAs charge that Petitioners' business lacks a business purpose and imposes an accuracy-related penalty on Petitioners. (PSOF, ¶ 32.) The FPAAs issued to Petitioners are currently being litigated in Tax Court. (PSOF, ¶ 33.)

## ANALYSIS

Petitioners argue that summary judgment should be granted in their favor on the Petition to Quash the FDRs because there is no genuine issue of material fact that complying with the FDRs is unduly burdensome and because the IRS is attempting to utilize the FDRs for the improper purpose of blocking Petitioners from introducing relevant documentation in the Tax Court litigation.[4] Petitioners point out that, pursuant to 26 U.S.C. § 982(a), in the event a taxpayer "fails to substantially comply with any formal document request arising out of the examination of the tax treatment of any item

---

[4] Petitioners have abandoned an earlier argument that summary judgment is warranted on the ground that complying with the FDRs is "business crippling."

5

. . . any court having jurisdiction of a civil proceeding in which the tax treatment of the examined item is an issue shall prohibit the introduction by the taxpayer of any foreign-based documentation covered by such request." See 26 U.S.C. § 982(a).

Petitioners maintain that they have made many efforts to comply with the FDRs and have suggested alternative methods by which the IRS may inspect the documents it seeks at a lesser burden to Petitioners. Petitioners contend that requiring them to fully comply with the requirements of the FDRs (including the provision of translated documents) would cost millions of dollars and would be unduly burdensome. Thus, Petitioners contend, they should be granted summary judgment.

The Government in its response does not dispute Petitioners' asserted cost of full compliance with the FDRs. However, the Government argues, Petitioners' arguments in support of summary judgment (i.e., on the basis of the high burden to Petitioners of complying with the FDRs) are now generally moot in that the Government is satisfied that Petitioners have "substantially complied with the FDRs." (Govt. Opp. at 2.)[5] Thus, the Government contends, there should not be any additional (or at least any excessive) costs to Petitioners to comply with the FDRs. (Govt. Opp. at 5). The Government further argues that the FDRs should not be quashed because, although it believes Petitioners have substantially complied with the FDRs, "[t]he only way to further determine at this point if the Petitioners [in fact] substantially complied . . . is if the Petitioners were to introduce into a Tax Court proceeding (or any other judicial-type proceeding) documents that were clearly responsive to the FDRs but were not produced."

---

[5] IRS Revenue Agent Larry Weinger states this position of the IRS in an affidavit submitted by the Government. (SOAF, Ex. A).

(Govt. Opp. at 6.) The Government argues Petitioners should not be able to take the position that production of translated documents in response to the FDRs is "overly burdensome" for purposes of its action to quash production of these documents to the Government but later seek to introduce such documents for their own defense in the Tax Court proceeding. (Govt. Opp. at 7.) The Government's position, thus, is that Petitioners have substantially complied with the FDRs but "to the extent the Petitioners wish to introduce FDR-responsive documents [in] a Tax Court proceeding, the Petitioners simply have to further produce (or have produced) such document(s) to the IRS pursuant to the FDRs." (Govt. Opp. at 2.)

The Court does not find summary judgment warranted. Mr. Weinger's affidavit, stating that the IRS believes Petitioners' production substantially complies with the FDRs, although this cannot be determined with complete accuracy, creates at least a factual dispute as to whether any further compliance with the FDRs is necessary and, if so, unduly burdensome to Petitioners. Petitioners have not demonstrated that they would be unduly burdened by producing additional responsive documents.

Further, Petitioners have not shown that the Government is improperly trying to prevent them from introducing relevant documentation in Tax Court. If Petitioners wish to introduce responsive documents in Tax Court, they simply must do as the Government suggests and "produce (or have produced) such document(s) to the IRS pursuant to the FDR." (*See* Govt. Opp. at 2.)

7

## CONCLUSION

In that disputed issues of material fact exist regarding Petitioners' asserted grounds for summary judgment, Petitioners' motion for summary judgment is denied.

Date: October 23, 2008

_____
JOHN W. DARRAH
United States District Court Judge